UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
             :
KEN PETERMAN,         :
             :
      Plaintiff,    :
             :    25 Civ. 1588 (JPC)
     -v-       :
             :    ORDER
ASHLEY CLARK,        :
             :
      Defendant.   :
             :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

  Plaintiff filed his Complaint on February 25, 2025, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship under 28 U.S.C. § 1332.  Dkt. 1 ¶ 39. According to the Complaint, Plaintiff is "domiciled and residing in California," while Defendant "is a resident of New York."  *Id.* ¶¶ 43-44.  Domicile, not residency, determines an individual's citizenship for purposes of diversity jurisdiction.  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *accord Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[I]t is well-established that allegations of residency alone cannot establish citizenship . . . ."); *Van Buskirk v. Utd. Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).  Here, Plaintiff alleges only where Defendant is a resident, not where she is domiciled.

  A "district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence," even where the Court lacks "a good faith basis to believe that the parties before it [are] not completely diverse."  *Platinum-Montaur Life Sci., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 618 (2d Cir. 2019) (internal quotation marks omitted). Accordingly, Plaintiff shall amend his Complaint to allege Defendant's state of domicile by March 31, 2026.  If Plaintiff fails to amend his Complaint by that date, or otherwise properly establish this

1

Court's jurisdiction under 28 U.S.C. § 1332(a)(1), the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

In light of this Order, Defendant's motion to dismiss the original Complaint, Dkts. 22-25, is dismissed without prejudice as moot.  The Court observes that with respect to the original Complaint, there was a dispute over the service of process's sufficiency.  *Compare* Dkt. 23 at 10-12 ("No attempt was made to serve Ms. Clark personally or at her actual residence."), *with* Dkt. 30 at 23 (disagreeing).  To avoid further dispute, Plaintiff shall serve a copy of the summons and amended Complaint to Defendant's "actual place of business, dwelling place or usual place of abode" in accordance with the applicable rules.  N.Y. C.P.L.R. § 308(2); Fed. R. Civ. P. 4(e).  Upon service, Defendant may once again move to dismiss Plaintiff's amended Complaint.

The Clerk of Court is respectfully directed to close Docket Number 22.

SO ORDERED.

Dated: March 17, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2